# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BRANDON KUSH, | CIVIL DIVISION |
| *Plaintiff,* | ELECTRONICALLY FILED |
| vs. | Case No. AR-26-000060 |
| LVNV FUNDING, LLC, | |
| *Defendant.* | COMPLAINT IN CIVIL ACTION |

Filed on Behalf of Plaintiff:
Brandon Kush

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Alexander C. DiBucci
Pa. I.D. No. 336800

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 760-0329
Fax No.:     (412) 540-3399
E-mail:      adibucci@jpward.com

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BRANDON KUSH, | CIVIL DIVISION |
| *Plaintiff*, | ELECTRONICALLY FILED |
| vs. | Case No. AR-26-000060 |
| LVNV FUNDING, LLC, | |
| *Defendant*. | |

## COMPLAINT

AND NOW, comes Plaintiff, Brandon Kush, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Alexander C. DiBucci, Esquire, who files the within Complaint in Civil Action against Defendant, LVNV Funding, LLC, of which the following is a statement:

## PARTIES

1. Plaintiff, Brandon Kush is an adult individual who currently resides at 962 Fronheiser St. Johnstown, PA 15902.

2. Defendant, LVNV Funding, LLC, (hereinafter "LVNV Funding"), is a corporation with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC 29601.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

4. Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

2

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5. On 04/21/2025, LVNV Funding filed a Civil Complaint against Brandon Kush in Magisterial District Court at Docket Number: MJ-47306-CV-0000050-2025.

6. In response, Brandon Kush engaged J.P. Ward & Associates, LLC, to defend against the allegations to the aforementioned lawsuit.

7. On 04/28/2025, J.P. Ward & Associates, LLC filed an Entry of Appearance and an Intent to Defend on Brandon Kush's behalf.

8. On 04/28/2025, J.P. Ward & Associates, LLC served LVNV Funding with a letter (hereinafter, the "First Dispute Letter"), informing them that Brandon Kush was represented by counsel and that he disputed the alleged debts in LVNV Funding's possession.

9. This First Dispute Letter specifically stated that Brandon Kush "denie[d] owing LVNV FUNDING, LLC any amount of money" and informed LVNV Funding that Brandon Kush disputed any and all "Debts" LVNV Funding claimed to possess.

10. "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [LVNV Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter.

11. Following the First Dispute Letter, LVNV Funding possessed a duty to reflect the disputed nature of any and all tradelines associated with Brandon Kush and to communicate said disputed nature to any and all credit reporting agencies.

12. Furthermore, LVNV Funding was directed to cease and desist from contacting Brandon Kush directly.

13. On 06/18/2025, a Civil Action Hearing was held before the Magisterial District Judge and on 06/20/2025 the District Judge granted a JUDGMENT FOR DEFENDANT, ruling in favor of Brandon Kush and against LVNV Funding.

14. On or about 06/24/2025, LVNV Funding furnished information to TransUnion reflecting a payment on the alleged debt.

15. On 07/21/2025, LVNV Funding's appeal period expired, making the judgment final and rendering the alleged debt extinguished and unenforceable.

16. On 09/25/2025, LVNV Funding furnished false and inaccurate information about Brandon Kush to TransUnion by failing to remove the $3,016 tradeline pertaining to the alleged, extinguished, and unenforceable debt, and instead reporting it as "Pay Status: >In Collection<".

17. This controverted the extinguished and unenforceable nature of the alleged debt and purported the alleged debt to be enforceable.

18. Therefore, LVNV Funding communicated credit information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

19. Upon purporting the tradeline to be enforceable, LVNV Funding falsely represented the character and legal status of the alleged and extinguished debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

20. Furthermore, by engaging in collection-related conduct and accepting payment after receipt of Plaintiff's First Dispute Letter and the entry of a judgment resolving the matter in Plaintiff's favor, LVNV Funding employed unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

**COUNT I**
**VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692,** *et seq.*

21. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

22. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

23. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

24. Brandon Kush is a "consumer" as defined by § 1692a(3) of the FDCPA.

25. LVNV Funding is a "debt collector" as defined by § 1692a(6) of the FDCPA.

26. Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

27. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

28. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false

representation of – (A) the character, amount, or legal status of any debt; (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e of the FDCPA.

29. On 07/21/2025, LVNV Funding's appeal period expired, making the judgment final and rendering the alleged debt extinguished and unenforceable.

30. On 09/25/2025, LVNV Funding furnished false and inaccurate information about Brandon Kush to TransUnion by failing to remove the $3,016 tradeline pertaining to the alleged, extinguished, and unenforceable debt, and instead reporting it as "Pay Status: >In Collection<".

31. This controverted the extinguished and unenforceable nature of the alleged debt and purported the alleged debt to be enforceable.

32. Therefore, LVNV Funding communicated credit information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

33. Upon purporting the tradeline to be enforceable, LVNV Funding falsely represented the character and legal status of the alleged and extinguished debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

34. Furthermore, by engaging in collection-related conduct and accepting payment after receipt of Plaintiff's First Dispute Letter and the entry of a judgment resolving the matter in Plaintiff's favor, LVNV Funding employed unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

35. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

36. Here, the only natural consequence of LVNV Funding's acts of willfully communicating credit information which was known to be false and collecting on an extinguished, invalid, and unenforceable debt was to harass, oppress, and abuse Brandon Kush.

37. As such, LVNV Funding's conduct, as set forth above, violated 15 U.S.C. § 1692d of the FDCPA.

38. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

39. As a direct and proximate result of LVNV Funding's violations of the FDCPA, as set forth above, Brandon Kush has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Brandon Kush, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, LVNV Funding, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

|  |  |
|---|---|
| | Respectfully submitted, |
| | **J.P. WARD AND ASSOCIATES, LLC** |
| Date: December 10, 2025 | By: *Alexander C. DiBucci* |
| | Alexander C. DiBucci, Esq. |
| | (Pa I.D. No. 336800) |
| | J.P. Ward and Associates, LLC |
| | The Rubicon Building |
| | 201 South Highland Avenue, Suite 201 |
| | Pittsburgh, PA 15206 |
| | |
| | Email: adibucci@jpward.com |
| | Direct: 412-760-0329 |
| | |
| | *Counsel for Plaintiff* |

8

## **VERIFICATION**

I, Brandon Kush, have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

Date: 12/10/2025

By: *[signature]*
Brandon Kush (Dec 10, 2025 16:57:05 EST)
Brandon Kush

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON KUSH,** | : | CIVIL DIVISION |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No.: AR-26-000060 |
| | : | |
| | : | |
| **LVNV FUNDING, LLC,** | : | **PROOF OF SERVICE OF** |
| | : | **COMPLAINT IN CIVIL ACTION** |
| *Defendant.* | : | |
| | : | |

Filed on Behalf of Plaintiff:
Brandon Kush

Counsel of Record for this Party:
**J.P. WARD AND ASSOCIATES, LLC**

Alexander C. DiBucci
Pa. I.D. No. 336800

J.P. Ward and Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 760-0329
Fax No.:     (412) 540-3399
E-mail:      adibucci@jpward.com

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA

| | |
|---|---|
| BRANDON KUSH, | : CIVIL DIVISION |
| *Plaintiff,* | : |
| v. | : Case No.: AR-26-000060 |
| LVNV FUNDING, LLC, | : |
| *Defendant.* | : |

### PROOF OF SERVICE OF COMPLAINT IN CIVIL ACTION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : §§ |
| COUNTY OF ALLEGHENY | : |

### AFFIDAVIT

I, Alexander C. DiBucci, Esquire of J.P. Ward & Associates, LLC, hereby swear and affirm that on January 12, 2026, a true and correct copy of the Complaint in Civil Action was served by way of U.S.P.S. Certified Mail (tracking number: 9214 8901 9403 8350 4042 77), upon the following persons listed below: (See attached Exhibit A, "the Confirmation of Delivery").

LVNV FUNDING, LLC
55 BEATTIE PLACE
SUITE 110
GREENVILLE, SC 29601

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **J.P. WARD AND ASSOCIATES, LLC** |
| Date: January 20, 2026 | By: *Alexander C. DiBucci*<br>Alexander C. DiBucci, Esq.<br>(Pa I.D. No. 336800)<br>J.P. Ward and Associates, LLC<br>The Rubicon Building<br>201 South Highland Avenue, Suite 201<br>Pittsburgh, PA 15206<br><br>Email: adibucci@jpward.com<br>Direct: 412-760-0329<br><br>*Counsel for Plaintiff* |

# EXHIBIT "A"

January 20, 2026

Dear Riley Sweeney:

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 9403 8350 4042 77**.

| Item Details | |
|---|---|
| Status: | Delivered, Left with Individual |
| Status Date / Time: | January 12, 2026, 1:23 pm |
| Location: | GREENVILLE, SC 29601 |
| Postal Product: | USPS Ground Advantage™ |
| Extra Services: | Certified Mail™ |
|  | Return Receipt Electronic |
| Recipient Name: | LVNV FUNDING LLC |

| Shipment Details | |
|---|---|
| Weight: | 3.0oz |

**Recipient Signature**

| | |
|---|---|
| Signature of Recipient: | Kay Mies / Kay Mills |
| Address of Recipient: | 55 B— |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004